IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| KOOROSH TAHERZADEH, an individual, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2:11-cv-00168-REJ |
| v. | ) ) | <u>OPINION AND ORDER</u> |
| BHVT MOTORS, INC., ; ET AL., | ) ) ) | |
| Defendants. | ) | |

   Joshua K. Hatch
   COLLINS & COLLINS LLP
   3241 E. Shea Blvd., Suite 1
   Phoenix, AZ  85028

    Attorney for Plaintiff

   Robert S. Oller
   LITTLER MENDELSON
   2425 E. Camelback Rd., Suite 900
   Phoenix, AZ  85016-2907

    Attorney for Defendants

JONES, Judge:

This employment discrimination action is before the court on defendants' Rule 12(b)(1) motion (# 16) to dismiss and to compel arbitration.

The Mutual Agreement to Arbitrate Claims ("Agreement"), Exhibit 1 to defendants' motion, is comprehensive and expressly covers the categories of claims plaintiff alleges in his complaint.  I reject plaintiff's contention that the Agreement is an unenforceable contract of adhesion, and conclude that it is enforceable.  The only remaining issue concerns the breadth of the Agreement, that is, whether it covers both the corporate defendant, Bell Honda, and the individual defendants.  On March 8, 2011, I asked the parties how the Agreement applied to the individual defendants, and on March 10, 2011, received their response.

I have considered the parties' positions, and conclude that defendants' position, that the individual defendants, who were management-level employees, are "agents" covered by the Agreement, is the correct one.  The Agreement provides, as relevant:

> Bell Honda (the "Dealership") recognizes that employment disputes may arise from time to time. * * *  All references to "Dealership" in this Agreement include Bell Honda's parent company or companies, its subsidiary and affiliated entities, its benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates and <u>agents</u>, and any and all successors and assigns of any of them.

Defendants' Motion, Exhibit 1, p. 1 (emphasis added).

Plaintiff makes no allegation that the individual employee defendants were acting outside the scope of their employment.  To the contrary, plaintiff alleges that "[e]ach individual Defendant named herein was acting within their respective scope of employment for Defendant Bell Honda and did so while engaging in the behavior set forth herein."  Complaint, ¶ 6.1.

Consequently, I conclude that plaintiff's claims against all defendants are encompassed

2 - OPINION AND ORDER

by the Agreement, and his remedy, if any, for the alleged harm must be pursued through the arbitration process. Accordingly, defendants' motion (# 16) is GRANTED and this action is dismissed with prejudice. The parties are ordered to arbitration in accordance with the terms of their Agreement. The court refers the issue of an award of attorney fees in connection with this motion to the arbitrator for resolution. Any other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 17th day of March, 2011.

  /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge